# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BUNZL DISTRIBUTION INC. d/b/a BUNZL/R3, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ |
| BLACK TITAN FRANCHISE SYSTEM LLC d/b/a FUDDRUCKERS, | ) ) **Jury Trial Demanded** ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiff Bunzl Distribution Inc. d/b/a Bunzl/R3 ("Bunzl" or "Plaintiff"), through its undersigned counsel, brings this action against Defendant Black Titan Franchise System LLC d/b/a Fuddruckers ("Fuddruckers" or "Defendant"), and in support of its complaint, states as follows:

### INTRODUCTION

1. Bunzl brings this action for breach of contract and, alternatively, for account stated, against Fuddruckers, arising from Fuddruckers' failure to pay for the goods and services rendered by Bunzl.

### PARTIES

2. Bunzl is a Missouri corporation registered and conducting business within Illinois. Bunzl's principal place of business is located at One Cityplace Drive, Suite 200, St. Louis, Missouri 63141.

3. Upon information and belief, Fuddruckers is a North Carolina limited liability company. Fuddruckers' principal place of business is 301 Mccullough Drive, Suite 520, Charlotte, NC 28262. Based on information and belief, none of Fuddruckers' members are citizens of Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Bunzl and Fuddruckers and the amount in controversy exceeds $75,000, exclusive of interest and costs. Personal jurisdiction exists over the Defendant as they transacted business in this district.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. Bunzl is a leading supplier and distributor of disposable paper and plastic packaging supplies to the retail grocery and restaurant industry.

7. Bunzl operates its R3 division from a distribution center and office space at 2301 Lunt Ave., Elk Grove Village, IL 60007.

8. Fuddruckers is a fast casual, franchised restaurant chain that specializes in hamburgers.

9. Bunzl and Defendant have a business relationship wherein Bunzl supplies Defendant with various food packaging supplies.

10. In or about August 2022, Bernadette Loweree, former Purchasing and Procurement Manager at Fuddruckers, reached out to Tom Dobat, Director of National Accounts at Bunzl/R3, to order custom Fuddruckers' food packaging supplies that Bunzl would distribute on an as-needed basis to Fuddruckers' franchisees.

11. Specifically, Fuddruckers ordered 6 in Clamshell – Small SQ; Hotdog – Small Rectangle; 9x9 – Medium SQ; Stadium Box – 12x12; and Lunch Box - #4 Kraft Box (the "Products").

12. The Products are specially manufactured goods made exclusively for Fuddruckers and are not suitable for sale to other businesses.

13. The Products are all branded with Fuddruckers' logo and designs such that the Products cannot be sold to other businesses.

14. Bunzl expended funds to purchase the Products and have Fuddruckers' branding imprinted on the packaging.

15. Bunzl and Fuddruckers agreed that Bunzl would charge, and Fuddruckers would pay, $44.63 per case for 6in Clamshell – Small SQ; $45.02 per case of Hotdog – Small Rectangle; $45.16 for 9x9 – Medium SQ; $196.84 per case for Stadium Box – 12x12; and $144.30 per case for Lunch Box - #4 Kraft Box.

16. In addition to purchasing and procuring the custom-branded Products, Bunzl also agreed to warehouse and distribute the Products to Fuddruckers' franchisees as the franchisees needed supplies.

17. Bunzl warehoused the custom-branded Products.

18. As Fuddruckers' franchisees placed purchase orders for the custom-branded Products, Bunzl fulfilled those purchase orders.

19. Fuddruckers then paid Bunzl for fulfilling those purchase orders.

20. However, Fuddruckers' franchisees ordered very little of the custom-branded Product, and the custom-branded Product did not deplete from Bunzl's warehouses as the Parties agreed.

21. In or about April 2024, Bunzl and Defendant discussed a payment/product depletion plan.

22. Bunzl drafted a payment/product depletion plan based on the Parties' conversations wherein Defendant would compensate Bunzl for the remaining Product in monthly installments over an eighteen-month period.

23. On May 13, 2024, Fred Lane, Chief Administrative Officer of Fuddruckers, informed Bunzl by email that he was awaiting final authorization to execute and return the agreement and that the agreement had been verbally approved.

24. However, Fuddruckers never initiated the monthly payments.

25. On July 24, 2024, Bunzl sent the Invoice in Exhibit A to Defendant and demanded payment of $283,946.25 for the 5,072 cases of custom-branded Product that remained in Bunzl's warehouses.

26. Defendant did not object to the Invoice in Exhibit A in a timely manner.

27. Defendant did not pay Bunzl the $283,946.25.

28. The custom-branded Products take up a significant amount of space in Bunzl's warehouses which prevents it from warehousing goods for other customers.

29. Bunzl has tendered the products to Defendant and offered Defendant numerous opportunities to pick-up the remaining custom-branded Product, but Defendant has not made any efforts to do so.

## COUNT I: BREACH OF CONTRACT

30. Bunzl incorporates and realleges paragraphs 1-29 as though fully set forth herein.

31. Defendant made an offer to compensate Plaintiff for purchasing, procuring, and warehousing custom-branded Product on Defendant's behalf.

4

32. In exchange for receiving the requested Products and warehousing services, Defendant offered to pay the unit pricing listed in the Parties' email exchange and have its Franchisees place orders for the Products on a regular basis.

33. Bunzl accepted Defendant's offer.

34. Thus, Bunzl and Defendant formed a valid and enforceable contract through their communications.

35. Bunzl performed all material obligations and conditions precedent pursuant to the contract by purchasing and procuring the Products, warehousing the Products, and distributing the Products to Defendant's Franchisees as ordered.

36. Defendant materially breached its obligations under the contract because it failed to have Franchisees order the Products on a regular basis and, therefore, pay Bunzl.

37. Bunzl has suffered damages due to Defendant's material breach in the amount of $283,946.25.

## COUNT II: ACCOUNT STATED
### (In the Alternative to Count I)

38. Bunzl incorporates and realleges paragraphs 1-29 as though fully set forth herein.

39. As previously alleged herein, Plaintiff purchased, procured, and warehoused custom-branded Products for Defendant.

40. Defendant paid Plaintiff on an open account for purchasing, procuring, and warehousing the custom-branded Products as Defendant's franchisees placed orders for the Product.

41. On July 24, 2024, after the Products were ordered at a slower pace than the Parties expected, Plaintiff sent Defendant an Invoice, attached hereto as Exhibit A, requesting payment of the outstanding custom-branded Product in the amount of $283,946.25.

42. Defendant did not object in a timely manner to the Invoice in Exhibit A.

43. Defendant did not pay the $283,946.25.

44. Plaintiff has been damaged by Defendant's failure to pay because Plaintiff expended funds to purchase the custom-branded Products for Defendant and the Product is consuming significant space in Plaintiff's warehouses that could be used to serve other, paying clients.

45. Thus, alternatively, Bunzl is entitled to payment for the Products under account stated.

## PRAYER FOR RELIEF

WHEREFORE, Bunzl prays that this Court enter a judgment in its favor and against Defendant in the amount of $283,946.25, together with such other and further relief as shall be just and equitable including but not limited to the amount of Plaintiff's reasonable attorneys' fees and costs, pre-judgment interest and post-judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: September 23, 2024

Respectfully submitted,

By: /s/ *Alexandra E. Schnarre*

Alexandra E. Schnarre, #6345177
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
Phone: 314.345.6385
Fax 314.480.1505
Alex.schnarre@huschblackwell.com

*Attorneys for Defendant
Bunzl Distribution Inc.*